In the Matter of the Application of CHARLES HAYDEN, as Successor Trustee, etc., for an Order Authorizing Him as Such Trustee to Sell and Reinvest Certain Property, etc.

Supreme Court, New York Special Term, January, 1923.

**Trusts — when ex parte application of trustee to withdraw and sell securities denied.**

Where bonds of the value of $227,000 deposited with a trust company as custodian may not be withdrawn without an order of the court and have never been in the possession or custody of a successor trustee, the amount of whose bond is only $10,000, an application by him made *ex parte* and without notice to any beneficiary for an order directing the trust company to surrender the bonds to him without security so that he may sell them at par when they mature, will be denied on the ground that the granting of the motion would amount to a subversion, temporarily, of the terms of the appointment of said trustee.

EX PARTE application by successor trustee for permission to sell securities.

*Chadbourne, Babbitt & Wallace,* for successor trustee.

TIERNEY, J. Application is made for authority to sell certain bonds that mature on April 1, 1923, at par, with a discount of six per cent. If by this is intended a sale at par, with accrued interest less a discount of six per cent per annum for the unexpired term, the sale seems proper as to price; otherwise there should be some explanation given of the advantage in selling now at par, with a discount of six per cent over collecting the full amount, with accrued interest in so short a time. The amount of the bonds is $227,000. The trustee has given a bond for only $10,000. This is because the securities are deposited with the Equitable Trust Company of New York as custodian and may not be withdrawn without the order of this court. This application is made *ex parte* without notice to any beneficiary. This is sanctioned by statute and practice, but it casts the burden on the court of scrutinizing the circumstances to see that those interested are properly protected. These securities have never been in the possession or custody of this trustee. They passed directly from the former trustee to the custodian, the Equitable Trust Company. The trustee was required to furnish a bond only in a nominal amount because it was intended that he should have possession only of the income. I am asked

to make an order directing the custodian to surrender these bonds to the trustee without security so that he may sell them, which amounts to a subversion temporarily of the terms of his appointment. I do not think that this is proper. The custodian may be directed to deliver the bonds to the purchaser on receipt of the selling price and to hold the proceeds for application to the purchase of new investments and as the investments are made to exchange the proceeds therefor. This will enable the custodian to retain possession at all times of the securities or their equivalent. It may not be as convenient as the method proposed by the applicant, but I am unwilling to practically change the terms of the trustee's appointment on an *ex parte* application. The high standing of the trustee should not induce the court to follow a procedure which is fundamentally and theoretically incorrect.

Ordered accordingly.